Labauve, J.
On the 9th April, 1863, R. M. Davis, being indebted unto .Joseph Lallande, in the sum of $3,750 97, with interest, and cost of protest, executed through his agent, Livaudais, an act of transfer and pledge unto the said Joseph Lallande,-of the following described shares of stock, to wit:
“All and irregular, one thousand shares of twenty-five dollars each, in the capital stock of the Mechanics’ and Agricultural Fair Association of Louisiana, a duly incorporated association of this State, which have been subscribed and paid for by said R. M. Davis. ”
It is stated in the act by the agent, that to his knowledge no certificate of said one thousand shares of stock has been issued to said Davis.
George Ingram, having obtained a judgment in the Fifth District Court of New Orleans for $15,680, against said R. M. Davis, caused a deri facias to be issued, which was put in the hands of the sheriff on the 21st September, 1863, and it seems that he executed this writ, and on the 20th October, 1863, returned it by order of plaintiff, and another ;fieri facias issued on the same day. The stock had been seized under the first fieri facias, and remained under that seizure until sold under the writ-, in the case of Lallande v. Davis.
On the 17th October, 1863, Joseph Lallande enjoined the writ which the sheriff had executed, by seizing and advertising for sale the said one thousand shares of stock. The plaintiff, in his petition for an injunction, states that the sheriff, in the case of Ingram v. Davis, has seized and advertised for sale the said one thousand shares of stock in the Mechanics’ Agricultural Fair Association. That said shares are pledged to him to secure the sum of $3,750 97, and that the same cannot be seized and sold before the amount due him is satisfied, and that the said seizure is *368 illegal; that the said seizure and advertisement are illegal, because the suit of George Ingram v. R. M. Davis was instituted before, and the judgment thereon was rendered by the Fifth District Court of New Orleans, and the writ of alias fieri facias, by which the seizure was made, and the proceedings conducted by the sheriff, was issued by the Fourth District Court of New Orleans.
The defendant, in the injunction, George Ingram, in his answer, claimed the dissolution of the injunction, with interest and damages. In the meantime Lallande obtained a judgment on his note against Davis, and under an execution issued thereon, seized and sold the said one thousand shares of stock, and took a rule upon the sheriff and Ingram, to show cause why the proceeds of said stock should not be appropriated to the satisfaction of his judgment. Ingram, in his answer, claimed the said proceeds by virtue of his prior seizure, and denying Lallande’s pledge. The rule and injunction were tried together.
The District Court dissolved the injunction, with interest, and allowed the said proceeds to George Ingram.
Joseph Lallande took this appeal.
This case involves none but questions of law.
The first presented is, whether or not Joseph Lallande has a privilege as pledgee, upon the proceeds of sale of said stock.
In all cases of pledges, the pledgee must be put in possession of the thing pledged, and if it be a claim, the evidence of the obligation must be transferred and delivered. C. C. Arts. 3100, 3119, 3120, 3122, 3123, 3129. Acts of 1855, No. 287, Winchester v. Ovy’s Syndic, 17 L. 428. Shares in stock cannot be pledged, unless they be evidenced by certificates, which must be transferred and delivered to the pledgee. In this case, there were no such certificates of stock, therefore nothing was or could be delivered to Lallande. But the appellant contends that the said stock was transferred to him and the President of the Association, was duly notified thereof, and that this transfer was good against third persons.
This position is not tenable; it was not a sale or a transfer made in that form, nor a dation en payment; the thing remained the property of the pledgor, and at his risks; the debt was not paid, nor novated; the relations of creditor and debtor still existed on the face of the act of pledge.
We are of opinion that Lallande acquired no right to said stock, either as pledgee or as transferree. The appellant further contends, that the seizure by Ingram was null, because the execution issued from the Fourth District Court, when the judgment had been rendered in the Fifth District Court of New Orleans. On that point, it appears that the execution was headed Fourth District Court, (it being a printed form of that Court) but the writ bore the seal of the Fifth District Court, and was signed by the clerk of that Court, and all the proceedings of the sheriff thereon were carried in the name of that Court. We look upon this as a clerical error, which was corrected on the face of the writ by his seal, and the signature of the clerk of that Court; but be that as it may, such informality did not regard or interest the appellant, it was a matter for the seized debtor to urge. 12 A. 11. 15 A. 136.
The appellant further contends, that having seized the said stock, he acquired a privilege on the proceeds thereof.
*369 Subsequent to the granting of the injunction obtained by Lallande, arresting the sale of the stock seized by Ingram, he (Lallande) obtained a judgment, and on the 8th March, 1866, caused to be seized the same stock, which was sold accordingly. We are satisfied, that when Lallande seized the said stock, the same was still under seizure for Ingram who had been enjoined by Lallande from selling; besides, the appellant having, without right, prevented Ingram from proceeding on his judgment, cannot take advantage of his own wrong; for Ingram was fairly on the way to make his money, when enjoined by Lallande, who obtained a judgment, but long thereafter.
But we are of the opinion that the judgment appealed from is erroneous in allowing five per cent, interest, when the judgment enjoined bears eight per cent., and we do not think it a ease where damages should be granted.
It is therefore ordered and decreed, that the judgment rendered below bo so amended as to strike out the five per cent, interest, and that ag amended it be affirmed, the appellee to pay the costs of appeal.